

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-76,760-05

### EX PARTE ROBERT KEITH EVANOFF, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR13218A IN THE 266TH DISTRICT COURT FROM ERATH COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of drug possession and sentenced to imprisonment. He was later released to parole.

While on parole, Applicant was arrested for drug possession, and he bonded out of the county jail. A parole revocation (a/k/a "blue") warrant was later executed, and Applicant was arrested and held in the county jail on the blue warrant. A preliminary revocation hearing was held, the hearing officer found that "adequate grounds exist[ed] to find that [Applicant] violated the conditions of release," and the decision was to proceed to a final parole revocation hearing. According to

Applicant, through habeas counsel, the new drug-possession charges have never been filed, and he is still being held in the county jail pursuant to the blue warrant, but he has never received a final parole revocation hearing, although he has repeatedly requested one. *See* TEX. GOV'T CODE 508.282(a)(1)(A)-(B).

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit addressing the issue of whether the Parole Board is timely providing Applicant with a final parole revocation hearing. The trial court shall make findings of fact and conclusions of law as to Applicant's claims, and the trial court may make any other findings of fact and conclusions of law that it deems relevant.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 12, 2019
Do not publish